4          **UNITED STATES DISTRICT COURT**

5          **DISTRICT OF NEVADA**

6

7     ACC INDUSTRIES, INC., et al.,                    )
                                                        )
8                          Plaintiffs,                  )          Case No.  2:17-cv-00942-JAD-CWH
                                                        )
9     vs.                                               )          **ORDER**
                                                        )
10    BART STREET II, LLC, et al.,                      )
                                                        )
11                         Defendants.                  )
      ──────────────────────────────────────           )

12

13          Presently before the court is Plaintiffs ACC Industries, Inc., ACC Enterprises, LLC, and

14    Calvada Partners, LLC's Emergency Motion to Strike Rogue Documents Filed by Nonparty (ECF

15    No. 29), filed on May 12, 2017.  Defendant Solutionary, Inc. filed a response (ECF No. 32) on May

16    15, 2017.

17          Plaintiffs move to strike Defendant Solutionary, Inc.'s Amended Motion to Dismiss the

18    First Amended Complaint (ECF No. 23), arguing that the motion to dismiss is a rogue document

19    that has been filed by a nonparty.  Specifically, Plaintiffs argue that they sued and served a Nevada

20    entity known as Solutionary, Inc., but that the motion to dismiss was filed by a Delaware entity

21    known as Solutionary, Inc.  Plaintiffs further argue that because the Delaware entity is not a party in

22    this case, its motion to dismiss should be stricken.

23          Defendant Solutionary, Inc. responds that although Plaintiffs assert there are two

24    Solutionary entities—a Nevada entity and a Delaware entity— there was only one Solutionary

25    entity, which was a Delaware entity.  Defendant argues that the Delaware entity was incorporated in

26    January 2011, was inadvertently incorporated in Nevada for five days, and was dissolved as a

27    Nevada corporation on December 11, 2012.  Defendant further argues that the Delaware

28    corporation was acquired by Nippon Telegraph and Telephone Corporation and dissolved as a

Delaware corporation on August 1, 2016.  Additionally, Defendant argues that it was not properly served in this case.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Redundant matter" is that which "consists of allegations that constitute a needless repetition of other averments." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299–300 (D. Nev. 2003), *aff'd in part, rev'd in part*, 130 F. App'x 153 (9th Cir. 2005).  Matter is "immaterial" if it "has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Allegations are "impertinent" if they "are not responsive or irrelevant to the issues that arise in the action" and are inadmissible as evidence. *Id.*  "Scandalous" matter includes allegations that "cast a cruelly derogatory light on a party or other person." *Id.*  Striking material under Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. v. Clark Cnty.*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008).  It is within the court's discretion whether to strike matters from a pleading. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 940, 974 (9th Cir. 2010).

As defined in Rule 12(f), motions to strike are directed to "pleadings" only.  Under Rule 7(a) of the Federal Rules of Civil Procedure, pleadings include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Thus, a motion to strike technically is not available to strike material contained in motions and other briefs. *See, e.g., Albertson v. Fremont Cnty., Idaho*, 834 F. Supp. 2d 1117, 1123 n.3 (D. Idaho 2011); *U.S. v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999).

Here, given that Plaintiffs are moving to strike a motion rather than material from the pleadings, the court finds that a motion to strike is not procedurally proper in this context and therefore will deny the motion.  Plaintiffs may challenge the propriety of Defendant Solutionary, Inc.'s motion to dismiss by filing a response to the motion.  Even if the motion to strike were proper, the court notes that the issue of whether Defendant Solutionary, Inc. is a Nevada entity or a Delaware entity, whether that entity was properly served with process, and whether that entity has

appeared in this case are the same disputed issues that are before the court in various other filings. Given the centrality of these issues to the litigation, it would be difficult for Plaintiffs to meet their formidable burden of establishing that the pending motion to dismiss is redundant, immaterial, impertinent, or scandalous.

As for Plaintiffs' argument that the court has the inherent authority to strike the motion to dismiss, the court does not find that Defendant Solutionary, Inc.'s filing of a motion to dismiss constitutes abusive litigation conduct in which documents should be stricken as a sanction. *See Ready Transp., Inv. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010). The court therefore declines to strike the motion to dismiss under its inherent authority to control its docket and leaves the motion to dismiss to adjudication on the merits by the United States district judge assigned to this case.

Finally, the court takes this opportunity to advise the parties of several requirements set forth in the court's local rules that have not been observed in this case. Under Local Rule 7-4(a)(3), emergency motions must include, among other things, "[a] statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." While the court recognizes that the parties previously met and conferred regarding the issue of whether Solutionary, Inc. is a Nevada or Delaware entity at the time the parties discussed the joint status report regarding removal, Plaintiffs do not attach a meet-and-confer certification to the motion to strike. Under Local Rule IA 10-3(b), "[c]opies of pleadings or other documents filed in the pending matter must not be attached as exhibits or made part of an appendix." Thus, various exhibits filed by the Plaintiffs are unnecessary. Additionally, both Plaintiffs and Defendant Solutionary, Inc.'s documents are not in a searchable PDF format as required by Local Rule IA 10-1(b).

/ / /

/ / /

/ / /

/ / /

/ / /

1    IT IS THEREFORE ORDERED that Plaintiffs ACC Industries, Inc., ACC Enterprises,

2  LLC, and Calvada Partners, LLC's Emergency Motion to Strike Rogue Documents Filed by

3  Nonparty (ECF No. 29) is DENIED.

4

5    DATED: May 16, 2017

6

7  _____
   **C.W. Hoffman, Jr**
   **United States Magistrate Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4